IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY KAY MANKA,                                             Case No.

    Plaintiff,

v.                                                          **JURY TRIAL DEMANDED**

ARS NATIONAL SERVICES, INC.,
A California Corporation,
a/k/a ASSOCIATED RECOVERY SYSTEMS.

    Defendant.
_____/

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
AND DEMAND FOR JURY TRIAL**

### I.     Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter "FCCPA"); these laws prevent, respectively, debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair debt collection practices.

### II.     Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III.    Parties

4. Plaintiff, MARY KAY MANKA (hereinafter "Plaintiff"), is an individual who resides in the County of Hillsborough, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, ARS NATIONAL SERVICES, INC. (hereinafter "ARS"), is a for-profit entity incorporated under the laws of California, with its principal place of business located at 201 W GRAND AVE, ESCONDIDO CA 92025, US; Defendant is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another, and is also an "out-of-state consumer debt collector," as that term is defined by Fla. Stat. § 559.55(8), as its business activities in Florida involve both collecting or attempting to collect consumer debt from debtors located in Florida by means of interstate communication originating from outside of this state.

### IV.    Factual Allegations

6. On or about June 22, 2010 Plaintiff's husband received a telephone call from a representative of Defendant ARS, named Melvin Osby.

7. The call was placed to Mr. Manka's office telephone number, and was received during working hours.

8. The caller asked Mr. Manka, "Am I speaking with Mary Manka?"

9. Plaintiff's husband replied, "No, this is her husband and I can't talk right now as I'm in the middle of a meeting."

10. The caller proceeded to state that he was calling to propose a settlement offer regarding a defaulted Bank of America account.

11. Mr. Manka took the name of the caller and his phone number (866-879-1503 x1378) and let the caller know that he would let his wife know that he called.

12. It is alleged that the debt originally owed to Bank of America was incurred for personal, family, or household purposes, and is therefore a "debt" or "consumer debt" as those terms are defined by 15 U.S.C. § 1692a(5) and F.S.A. § 559.55(1).

13. It is alleged that Mr. Manka was not obligated to pay this debt and therefore Defendant had no legitimate purpose for contacting him regarding this account.

14. By contacting Mr. Manka at his place of employment regarding a debt that he was not obligated to pay, when Defendant had no legitimate purpose for doing so, Defendant engaged in conduct which could reasonably be expected to abuse or harass the debtor, or any member of her family, in violation of the FCCPA.

15. By contacting a party other than the consumer regarding her debt for purposes other than acquiring location information, Defendant failed to comply with the provisions of the FDCPA.

16. It is alleged that all acts or omissions of the employees/agents of Defendant were performed within the scope of their respective employment/agency with Defendant, thus subjecting Defendant to vicarious liability for these acts under the doctrine of respondeat superior.

17. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

## First Claim for Relief
## Violation of the Federal Fair Debt Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17.

18. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b generally and 1692c(b).

19. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

## Second Claim for Relief
## Violation of the Florida Consumer Collection Practices Act

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17.

20. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, Fla. Stat. § 559.72(7).

21. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### V.   Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendant for the following:

a. Equitable relief in the form of declaratory judgment that Defendant's acts failed to comply with the provisions contained in the FDCPA and FCCPA, pursuant to Fla. Stat. § 559.77(2);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

    c.       Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

    d.       Punitive damages, pursuant to Fla. Stat. § 559.77(2);

    e.       Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2); and

    f.       Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
don@brandonlawyer.com
Joseph B. Battaglia, Fla. Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 Oakfield Drive, Suite A
Brandon, Florida 33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
Joseph B. Battaglia, Fla. Bar No. 0058199